IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT POON,

   Plaintiff,      No. CIV S-06-0035 GEB JFM P

 vs.

LEONARD E. OLDWIN, JR., Esq.,
et al.,         <u>ORDER AND</u>

   Defendants.    <u>FINDINGS & RECOMMENDATIONS</u>
_____/

   Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $2.64 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff claims that defendant Leonard E. Oldwin, Jr., an attorney appointed by

the court to represent plaintiff in criminal proceedings in the Solano County Superior Court, violated plaintiff's constitutional rights during the course of that representation.[1]  Plaintiff also raises several state law claims.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  It is well settled that, absent a colorable allegation of conspiracy with state actors to deprive an individual of constitutional rights, court-appointed defense attorneys do not act under color of state law for purposes of 42 U.S.C. §1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Tower v. Glover, 467 U.S. 914, 923 (1984).  There are no allegations that Mr. Oldwin conspired with any state actor to cause the alleged deprivations of plaintiff's constitutional rights.  For that reason, the complaint fails to state a cognizable claim upon which relief may be granted under 42 U.S.C. § 1983.  Since the complaint contains no cognizable federal claim, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and those claims should be dismissed without prejudice.  See 28 U.S.C. § 1367(c).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed an initial partial filing fee of $2.64.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

---

[1] According to the allegations of the complaint, during the course of the state court proceedings Mr. Oldwin was removed as plaintiff's attorney at plaintiff's request.  (See Complaint, filed January 6, 2006, at 6.)  Plaintiff also alleges that the criminal charges were ultimately dismissed.  (Id. at 7.)

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims under 42 U.S.C. § 1983 be dismissed for failure to state a claim upon which relief may be granted;

2. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims; and

3. Plaintiff's state law claims be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 30, 2006.

UNITED STATES MAGISTRATE JUDGE

12
poon0035.56